Argued November 19, affirmed December 16, 1974

DINNEEN, *Petitioner, v.*
HEALTH DIVISION ET AL, *Respondents.*
529 P2d 932

*Vincent G. Ierulli,* Portland, argued the cause for petitioner. With him on the brief were Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Petitioner appeals from a decision of the Administrator of the Oregon State Health Division which affirmed Multnomah County Division of Medical Services' denial of permission for petitioner to install a septic tank and drain field upon a specified part of an acreage where he planned construction of a residence.

The parties agree that the applicable Oregon State Health Division rule is:

"'(1) No standard subsurface sewage disposal system shall be installed where *any* of the following conditions are present:

"'* * * * * (B) A restrictive layer is less than thirty (30) inches below the surface of the ground or six (6) inches below the bottom of the disposal trench.'" Oregon State Health Division, Rules Governing Subsurface Disposal of Sewage, p 22.

Evidence was that three test holes in the subject area disclosed restrictive layers of earth respectively at 26, 27 and 30 inch levels.

Petitioner contends that there was no showing that such layers were restrictive enough to have an adverse effect upon the drain field system, and hence that the action amounted to a denial of the use of his property in violation of the Fourteenth Amendment to the U.S. Constitution.

Several experts testified. They were in agreement that the restrictive layer of earth was present, that it did restrict earth absorption of water, but disagreed on how greatly it did so. Percolation of

water was tested in test holes by both sides of the controversy. These showed satisfactory absorption of water during a dry summer period, but standing ground water during a rainy fall period.

The petitioner's and some of the state's witnesses agreed that the area was marginal—that is, it was almost but not quite or just barely (depending upon the expert) satisfactory as to its ability to assimilate and adequately treat by percolation through the soil sewage effluent from a dwelling septic tank. At least one other state witness expressed an opinion that the ground was definitely unsatisfactory.

Mr. Brackett, a soil expert for the United States Soil Conservation Service, testified that his service previously had supervised installation of a water drainage system for agricultural purposes on the acreage. He testified that at 26 inches he had found a "mottled layer" which would be "much, much more restrictive than the formation above it." He said he would describe "the structure of the subsoil as quite dense and compact."

Mr. Huffman, expert on soil disposal of sewage for the Oregon State Health Division who had inspected the property, testified that the mottling of the restrictive layer reflected chemical action of the past which "would indicate that this water does stand for periods of time * * *."

We conclude the evidence was such that the Administrator's decision cannot be termed arbitrary. Hence, it is not in violation of the Fourteenth Amendment. Its factual findings made the ruling fall well within the prohibition of the applicable rule. What we have related from the evidence, above, demon-

strates that the ruling was based upon reliable, probative and substantial evidence. ORS 183.480 (7)(b) and (d).[1]

Affirmed.

---

[1] ORS 183.480 (7)(b) and (d) provide:

"(7)   The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"* * * * *

"(b)   The statute, rule or order to be unconstitutional; or

"* * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *